# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-098 |
| | ) | |
| CITY OF SAVANNAH | ) | |
| POLICE DEPARTMENT[1], *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Angela Nails, appearing *pro se*, has filed a Complaint against the City of Savannah Police Department and one of its police officers. *See generally* doc. 1. She also seeks to proceed *in forma pauperis* ("IFP"). Doc. 4.[2] It appears from her application that she lacks sufficient

---

[1] The docket reflects two defendants, "City of Savannah" and "Police Department." The substance of the Complaint, however, indicates that Nails asserts her claims, such as they are, against the City of Savannah Police Department, and one of its officers. *See generally* doc. 1. The Clerk is **DIRECTED** to update the Docket accordingly.

[2] Nails has also unilaterally filed a Rule 26(f) report. Doc. 5. Federal Rule of Civil Procedure 26(f) requires the parties to confer on a discovery schedule and submit a written report of their agreement to the Court. Fed. R. Civ. P. 26(f). Such report, therefore, cannot be submitted without the involvement of all parties. Nails' filing, in addition to being incomplete, is not signed by a representative of defendant. *See* doc. 5 at 6. In fact, she concedes that the defendants have not yet been served. *See id.* at 5. Therefore, the Clerk of Court is **DIRECTED** to **TERMINATE** the improper unilateral Rule 26(f) Report. Doc. 5.

resources to prepay the filing fee.  Accordingly, the Court **GRANTS** her

leave to proceed IFP.  Doc. 4.  However, a review of her Complaint reveals

that, like many others she has filed, it is frivolous and fails to state a

claim and should be **DISMISSED**.   *See* 28 U.S.C. § 1915(e)(2)(B);

*Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017); *see*

*also Nails v. Davis*, CV422-110, doc. 15 at 3-5 (S.D. Ga. July 11, 2022)

(noting Nails' "history of vexatious and frivolous litigation" and imposing

filing restrictions to protect the Court).

## I.  BACKGROUND

Nails has taken issue with the way Officer Strive, an officer with

the Savannah Police Department, filled out a police report.  *See generally*

doc. 1.   Other than confusingly referencing various administrative

policies regarding police reports, it is not clear what claim she intends to

bring.  *Id.*  No matter her desire, it is clear that this federal court lacks

subject-matter jurisdiction.

## II.  ANALYSIS

Plaintiff is already aware that this Court must have subject-matter

jurisdiction to consider her claims.  *See, e.g., Nails v. Hilliard*, CV421-

364, doc. 6 at 2-5 (S.D. Ga. Feb. 10, 2022) (explaining the requirements

of subject matter jurisdiction).  As the Court has exhaustively explained to her, "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  She has not carried her burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims.  Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

The Court does not have jurisdiction because Nails has not established a federal question, 28 U.S.C. § 1331, or diversity of the parties, 28 U.S.C. § 1332.  She concedes that her case does not arise under this Court's diversity jurisdiction, since the parties all live in the same

state, but then suggests that the Court has jurisdiction because her damages exceed $75,000. Doc. 1 at 1. She is incorrect.

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Even adopting a liberal reading of her Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts. *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)). Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

She also affirmatively disclaims diversity jurisdiction. 28 U.S.C. § 1332. Her disclaimer notwithstanding, Nails' pleading contradicts the possibility of an assertion of diversity jurisdiction. Diversity jurisdiction requires all parties to be citizens of different states and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a). Typically, the Court

will accept a damage claim offered by a party in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). In this case, the Court cannot affirmatively find that Nails' representation that her damages exceed $75,000 is in good faith. *See id.* at 289 (When considering whether a purported damages amount is made in good faith, the Court must determine to "legal certainty that the claim is really for less than the jurisdictional amount."). Regardless of the damages sought, Nails concedes that the parties are not diverse. *See* doc. 1 at 1. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Based on Nails' own concession, she cannot plausibly establish this Court's diversity jurisdiction.

By now, Nails should be all too familiar with the parameters of this Court's jurisdiction. Including this one, Nails has filed eleven cases in this Court since November 2020. *See Nails v. Doing Bus. as Nails,*

MC420-009 (S.D. Ga. Nov. 3, 2020); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-032 (S.D. Ga. Feb. 3, 2021); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033 (S.D. Ga. Feb. 3, 2021); *Nails v. Savannah Plastic Surgery, et al.*, CV421-153 (S.D. Ga. May 14, 2021); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. May 19, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Dec. 27, 2021); *Nails v. Leeds Gate Townhouse Ass'n*, CV422-078 (S.D. Ga. Apr. 4, 2022); *Nails v. St. Joseph Candler Hosp.*, CV422-077 (S.D. Ga. Apr. 4, 2022); *Nails v. FNU LNU*, CV422-103 (S.D. Ga. Apr. 18, 2022); *Nails v. Davis*, CV422-110 (S.D. Ga. April 21, 2022). Four of her cases have already been dismissed for the same reason this claim is faulty—her failure to allege a basis for this Court's jurisdiction. *See Nails v. City Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing Plaintiff's complaint for failure to establish jurisdiction); *Nails v. FNU LNU*, CV422-103, doc. 13 at 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for

the Court to exercise subject matter jurisdiction); *Nails v. Davis*, CV422-110, doc. 15 at 2 (S.D. Ga. July 11, 2022) (dismissing complaint where facts pleaded were inconsistent with diversity jurisdiction and Plaintiff had identified no basis for the Court to exercise federal question jurisdiction).  She has been warned in others.  *See Nails v. Savannah Plastic Surgery*, CV421-153, doc. 6 at 1-5 (S.D. Ga. May 21, 2021) (explaining the requirements of subject matter jurisdiction); *Nails v. Hilliard*, CV421-364, doc. 6 at 2-5 (S.D. Ga. Feb. 10, 2022) (same).  Others have been dismissed on grounds that indicate Nails' general disregard for the Orders and rules of this Court.  *See Nails v. Doing Business as Nails*, MC420-009 (S.D. Ga. Nov. 5, 2020) *adopted* (S.D. Ga. Nov. 24, 2020) (denying IFP motion and dismissing case for submitting application demonstrating sufficient assets to pay filing fee); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. Aug. 26, 2021) *adopted* (S.D. Ga. Sept. 13, 2021) (dismissing case for failure to comply with the Court's instructions).

As this Court has already recognized, Nails appears to file a federal lawsuit at the slightest inconvenience, ignoring this Court's prior admonishments about jurisdictional requirements.  *See Nails v. Davis*,

CV422-110, doc. 8 at 9 (S.D. Ga. May 9, 2022).  For that reason, the Court implemented filing restrictions "to protect itself from Nails' disregard of its rules and orders."  *Id.* at 11 *adopted by* doc. 15.  Although this case was filed prior to the Court's imposition of those restrictions, it reflects the same vexatious pattern of litigation.  It should, therefore, be **DISMISSED**.  *See* 28 U.S.C. § 1915(e)(2)(B).

## III.   CONCLUSION

Nails' motion to proceed IFP is **GRANTED**.  Doc. 4.  The Clerk is **DIRECTED** to **TERMINATE** her unilaterally filed Rule 26(f) report. Doc. 5.  Her Complaint should be **DISMISSED**.  Doc. 1.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 5th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA